```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

| | |
|---|---|
| SAMUEL POPE, JR., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|   v. | )  Case No. 2:09 cv 301 |
| | ) |
| GARY HOUSING AUTHORITY LLC, | ) |
| Officer unknown first name | ) |
| HORNYAK, individually and as | ) |
| officer of the Gary Police | ) |
| Reserve Unit, and Officer | ) |
| unknown first name GONZALEZ, | ) |
| individually and as officer of | ) |
| the Gary Police Reserve Unit, | ) |
| CLARENCE HIGHTOWER, | ) |
| individually and as an officer | ) |
| of the Gary Police Department, | ) |
| CITY OF GARY POLICE DEPARTMENT, | ) |
| JANA BLOOD, and WOODLAWN | ) |
| COMMUNITY DEVELOPMENT CORP., | ) |
| and UNKNOWN DEFENDANTS A THRU Z | ) |
| | ) |
|     Defendants | ) |

## OPINION AND ORDER

This matter is before the court on the Motion to Compel the Discovery Responses of Defendant City of Gary Police Department [DE 45] filed by defendants Housing Authority of the City of Gary, Indiana, Jeffrey Hornyak and Clarence Hightower, on July 21, 2010. For the following reasons, the motion is GRANTED. The Police Department is ORDERED to respond to GHA's discovery requests within seven days of this Order.

Background

On March 26, 2010, the defendants, GHA, Hornyak, and Hightower, sent the defendant, Gary Police Department, written discovery. The Police Department's response was due on or before April 25, 2010. On May 5, 2010, GHA's counsel contacted the Police Department and the parties agreed to extend the deadline until May 14, 2010. On June 8, 2010, GHA's counsel again contacted the Police Department's counsel, and the parties agreed to extend the Police Department's time to respond until June 15, 2010. On June 11, 2010, the Police Department requested an additional extension of time until June 18, 2010, to which GHA agreed. The Police Department failed to meet this deadline, and on July 6, 2010, counsel for GHA contacted the Police Department and informed them that it would seek court intervention if the Police Department did not respond by July 9, 2010. On July 21, 2010, GHA filed this motion to compel a response to its discovery requests. The Police Department did not respond to GHA's motion to compel.

Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible

things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. Borom v. Town of Merrillville, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing Sanyo Laser Prods., Inc. v. Arista Records, Inc., 214 F.R.D. 496, 502 (S.D. Ind. 2003)). See also Adams v. Target, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); Shapo v. Engle, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper."

Gregg v. Local 305 IBEW, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(citing Kodish v. Oakbrook Terrace Fire Protection Dist., 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); McGrath v. Everest National Ins. Co., 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009) (internal citations omitted); Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. Cunningham v. Smithkline Beecham, 206 F.R.D. 474, 478 (N.D. Ind. 2009)(citing Graham v. Casey's General Stores, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Cunningham, 255 F.R.D. at 478 (citing Burkybile v. Mitsubishi Motors Corp., 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." Berning v. UAW Local 2209, 242 F.R.D.

510, 512 (N.D. Ind. 2007)(examining Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted).

The Police Department's response to GHA's motion to compel was due on or before August 4, 2010. The Police Department has not responded or moved for leave to respond. Pursuant to Local Rule 7.1, the motion is subject to summary ruling and is ripe for decision.

The burden is on the Police Department to show why the discovery request is improper. Gregg, 2009 WL 1325103 at *8 (citing Kodish, 235 F.R.D. at 449-50). Because the Police Department has failed to provide any justification for its failure to respond, the Police Department has not met its burden and the motion to compel is GRANTED. The Police Department is ORDERED to respond to GHA's discovery requests within seven days of this Order.

ENTERED this 3rd day of November, 2010

s/ Andrew P. Rodovich
United States Magistrate Judge