United States District Court
Northern District of Indiana
Hammond Division

SAMUEL POPE JR.,

    Plaintiff,

    v.

GARY HOUSING AUTHORITY, et al.

    Defendants.

Civil Action No. 2:09-CV-301 JVB

**OPINION AND ORDER**

Defendant Gary Housing Authority (GHA) has moved for an order dismissing it from this action brought under 42 U.S.C. § 1983 (DE 116). GHA maintains that the only claim against it raised by Plaintiff's complaint—that it had a custom and practice of employing unqualified security officers—was disposed of by the Court's ruling on its motion for summary judgment.  Plaintiff  objects to the dismissal, claiming that GHA is liable for the actions of Defendants Jeffrey Hornyak and  Clarence Hightower because they are GHA's employees.  Plaintiff also claims that Hightower, GHA's coordinator of security, is a person with final policy making authority who caused or ratified the violation of Plaintiff's Fourth Amendment rights, such that GHA is liable for Hightower's actions.

**A.**    **Discussion**

A municipal agency is not vicariously liable under 42 U.S.C. § 1983 for the acts

of its employees.  *Montano v. City of Chi.*, 535 F.3d 558, 570 (7th Cir. 2008). This means that GHA is not responsible for alleged constitutional violations committed by Hornyak and Hightower simply because GHA was their employer. But a constitutional deprivation may be attributable to a municipal agency when the agency's custom or policy inflicts the injury. *Id.*  Municipal agencies can be found liable under § 1983 through (1) an express municipal policy; (2) a widespread practice constituting custom or usage; or (3) a constitutional injury caused or ratified by a person with final policymaking authority. *Darchak v. City of Chi. Bd. of Edu.*, 580 F.3d 622, 629 (7th Cir. 2009).

      The question before the Court is whether Plaintiff's complaint gave GHA fair notice that he was claiming Hightower was a final policymaker for GHA. The Court finds that the complaint does not afford such notice.

      In the caption of the complaint, Hightower is named individually and as an officer of the Gary Police Department.  He is referred to in the complaint as a Gary police officer and an agent of the Gary Police Department who was appointed by GHA to provide security.  The complaint makes the following allegations concerning Hightower: that all Defendants intentionally and unlawfully violated Plaintiff's Fourth Amendment rights; that GHA, through Hightower, failed in its duty to provide security in the Al Thomas High-rise by trained professionals; and that Hightower, as part of GHA's policy, had been "permitted to subject the residents of Al Thomas High-rise . . . to mistreatment by unqualified individuals." (Compl. ¶ 35, DE 1 at 7–8).

      The gist of the complaint is that Hightower was unqualified and untrained, not that he possessed final policymaking authority for GHA.  Accordingly, because the only

claims against GHA raised by Plaintiff's complaint have been disposed of, GHA should be dismissed as a party to this action.

**B.     Conclusion**

The Court GRANTS Defendant GHA's motion (DE 116). GHA is dismissed as a party to this action.

SO ORDERED on April 18, 2012.

                                              s/ Joseph S. Van Bokkelen  
                                              Joseph S. Van Bokkelen  
                                              United States District Judge